PEOPLE v. HILL

1. CRIMINAL LAW—ARMED ROBBERY—IDENTIFICATION—SUGGESTIVE GROUP OF PHOTOGRAPHS.

Police procedure in making identification was not overly suggestive where the victim of an armed robbery selects defendant's photograph from a group of upwards of 20 photographs in making robber's identification.

2. CRIMINAL LAW—APPEAL AND ERROR—OPENING STATEMENT—ARGUMENT TO JURY—IMPROPER REMARKS—OBJECTIONS.

Error on appeal cannot be assigned for improper remarks made by prosecutor in opening statement and closing argument to jury when timely objection was not made.

3. CRIMINAL LAW—APPEAL AND ERROR—COURTS—OBJECTIONABLE STATEMENT—INSTRUCTIONS TO JURY.

Instructions to disregard prosecutor's statement that no one came forth with an alibi that defendant was home precludes a finding of reversible error by the Court of Appeals.

4. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—ALIBI.

Refusal of trial court to give the jury instruction requested was not error when the entire charge of the court did contain substantially the language of defendant's requested instruction on burden of proof as it relates to the defense of alibi.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 368.
Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[2] 53 Am Jur, Trial § 824 et seq.
[3] 53 Am Jur, Trial § 506.
[4] 53 Am Jur, Trial §§ 527, 657.
[5] 53 Am Jur, Trial §§ 148, 671.

5. CRIMINAL LAW—MISTRIAL—WITNESSES' REFERENCE TO MUG SHOTS
—TIMELY OBJECTION—INSTRUCTIONS TO JURY.

Trial court need not grant a mistrial because two witnesses
referred to "mug shots" of the defendant, when on his ob-
jection, the testimony was stricken and the jury was instructed
to disregard it.

Appeal from Oakland, William R. Beasley, J.
Submitted Division 2 November 9, 1970, at Lansing.
(Docket No. 8413.) Decided December 7, 1970.

Michael Hill was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Frank R. Knox,* Assist-
ant Prosecuting Attorney, for the people.

*Campbell, Lee, Kurzman & Leitman,* for defend-
ant.

Before: QUINN, P. J., and FITZGERALD and
CARROLL,* JJ.

PER CURIAM. A jury convicted defendant of
armed robbery;[1] he was sentenced and he appeals.

About 5:30 a.m. on March 2, 1968, two men en-
tered the Wixom Pure station where Thomas Johns,
a 15-year-old boy, was the attendant. One of the
men requested the key for the toilet, obtained the
key and left. On his return, this man requested
Johns to change a dollar. When Johns opened the
cash register, the man placed a gun in Johns' side
and reached into the cash register for money. The
man struck Johns who fell down, and the man

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

struck Johns again.    Currency was taken from the cash register.

That day, or March 3, 1968, Johns identified defendant as the man with the gun who reached into the cash register for money.    This identification was from photographs shown to Johns at the police station, and it is the basis of defendant's claim that the trial court erred reversibly in not granting defendant's pretrial motion to strike the in-court identification of defendant by Johns.    This motion was founded on defendant's claim that the preliminary examination transcript established that Johns was given only one photograph for identification purposes, and thus the identification was overly suggestive in violation of *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247).

While excerpts from Johns' testimony at preliminary examination support defendant's contention that Johns made the identification from a single photograph, that transcript read in its entirety establishes that Johns selected defendant's photograph from a group of upwards of 20 photographs in making this identification, and it was not overly suggestive.

Defendant asserts error because of statements by the prosecuting attorney in his opening statement and closing argument.    No objection was made below and objection cannot be raised for the first time on appeal.    *People* v. *Panknin* (1966), 4 Mich App 19. We decline further comment.

Defendant is correct in his contention that it was error for the prosecuting attorney to state during defendant's cross-examination "that nobody came forth in your defense with an alibi that you were at home", with reference to the preliminary examination.    However, defendant's prompt objection was sustained and the jury was instructed to disregard

the statement. This precludes a finding of reversible error. *People* v. *Wolke* (1968), 10 Mich App 582.

Defendant claims reversible error because the trial court failed to give his requested instruction on burden of proof as it relates to the defense of alibi. We have reviewed the entire charge of the court, and find that it substantially contained the language of defendant's request and it was not error to refuse to give the instruction requested.

During the trial, two witnesses referred to "mug shots" of defendant. On his objection, the testimony was stricken and the jury was instructed to disregard it, but the trial court declined to grant a requested mistrial. The action of the trial court was proper basis for denying a mistrial, and it also removed the error from the classification of reversible error.

Affirmed.