PEOPLE *v* KRANZ

1. CRIMINAL LAW—INDECENT LIBERTIES—ELEMENTS OF CRIME.
    A conviction of taking indecent liberties requires the showing of
    an assault and the liberties taken with the child must be
    such "as the common sense of society would regard as indecent
    and improper"; however, such liberties need not be with
    the private parts of the child to warrant conviction.

2. CRIMINAL LAW—INDECENT |LIBERTIES—EVIDENCE.
    A witness's testimony that she saw defendant on his knees,
    holding a young girl up against him, with his hands on the
    girl's hips, and making movements associated with sexual
    intercourse, supported defendant's conviction for taking in-
    decent liberties with a child under 16, even though defendant
    contradicted the witness's testimony.

3. CRIMINAL LAW—NONJURY TRIAL—VERDICT DELIVERED BEFORE AR-
    GUMENT.
    Trial court's inadvertent delivery of a verdict of guilty before
    defendant's attorney presented his closing argument was not
    reversible error in defendant's nonjury trial where the at-
    torney protested, and the trial court permitted defense counsel
    to deliver his closing statement, and the entire record did
    not affirmatively show that the error complained of had re-
    sulted in a miscarriage of justice (MCLA 769.26; GCR 1963,
    529.1).

Appeal from Dickinson, Ernest W. Brown, J.
Submitted Division 3 January 31, 1972, at Lansing.
(Docket No. 11052.)   Decided February 29, 1972.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  50 Am Jur 2d, Lewdness, Indecency and Obscenity § 18.
[3]  53 Am Jur, Trial § 485 *et seq.*

Barry C. Kranz was convicted of taking indecent liberties with a girl under 16. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis D. Brouillette,* Prosecuting Attorney, for the people.

*David J. Lori,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant appeals from his non-jury conviction for taking indecent and improper liberties with a child under the age of 16 years contrary to MCLA 750.336; MSA 28.568. Defendant raises three issues on appeal: (1) the verdict was contrary to the weight of the evidence; (2) MCLA 750.336; MSA 28.568 is unconstitutional; and (3) the trial court committed reversible error by inadvertently delivering its verdict before defense counsel gave his closing argument.

The victim's aunt testified that she observed the defendant on his knees, holding the child up against him with his hands on her hips, making movements such as would be associated with sexual intercourse. The aunt testified that the child suffered no bodily harm during the episode; but she was unable to state whether or not the defendant's or the child's clothes were in disarray at the time of the crime.

Defendant testified that he had assumed a squatting position and was playfully holding the child against his knees in a teasing manner. He denied kneeling and denied making any movements which

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

might be misconstrued as being associated with sexual intercourse. The trial court accepted the aunt's testimony as true, and found the defendant guilty as charged.

Conviction for indecent liberties requires the showing of two essential elements. First, there must be an assault. *People* v *Carr,* 2 Mich App 222 (1966). Second, the liberties taken with the child must be such "as the common sense of society would regard as indecent and improper"; however, such liberties need not be with the private parts of the child to warrant conviction. *People* v *Hicks,* 98 Mich 86, 90 (1893).

The aunt's testimony supported a finding of indecent liberties with the child. The finding of the trial court sitting as the trier of fact, particularly when the veracity and credibility of the witnesses is at issue, will not be disturbed by this Court unless clearly erroneous. GCR 1963, 517.1. The trial court's finding in the instant case cannot be said to be clearly erroneous.

Defendant's contention that the statute here challenged is unconstitutional is without foundation. See *People* v *Hicks, supra; Armstrong* v *Bannan,* 272 F2d 577 (CA 6, 1959).

At the close of the trial, the trial court inadvertently delivered its verdict before defendant's counsel had opportunity to present his closing argument. The attorney protested, and the trial court then allowed him to deliver his closing statement. Defendant alleges that this constituted reversible error. We have reviewed the entire record and conclude that it does not "affirmatively appear that the error complained of has resulted in a miscarriage of justice". MCLA 769.26; MSA 28.1096; GCR 1963, 529.1.

Affirmed.