PEOPLE v VERBURG

1. Criminal Law—Indecent Liberties—Proper Charge.

It is proper to prosecute for the offense of taking indecent and improper liberties with a child under the age of 16 years where the two acts allegedly committed by the defendant were handling the child's penis and fellatio upon the child, because the handling of the penis constitutes an act of taking improper and indecent liberties even though the act of fellatio is the crime of gross indecency. (MCLA 750.338, 750.336).

2. Criminal Law—Instructions to Jury—Elements of Crime.

A trial court must fully and correctly instruct the jury on all elements of the offense charged, but it need not introduce unnecessary legal points into its instructions.

3. Criminal Law—Indecent Liberties—Statutes—Other Crimes—Elements of Crime.

For a jury to determine the guilt or innocence of an accused charged with taking indecent liberties, it is immaterial whether or not the other crimes enumerated in the statute were committed since the crime of taking indecent liberties may be perpetrated without committing or intending to commit any of the other offenses; therefore, the "without" phrase found in the statute does not create an additional element of the crime (MCLA 750.336).

4. Criminal Law—Indecent Liberties—Elements of Crime.

Two essential elements must be shown to sustain a conviction of taking indecent liberties; (1) there must be an assault, and (2) the liberties taken must be of such nature as the common sense of society would brand as indecent and improper (MCLA 750.336).

Appeal from Kent, John H. Vander Wal, J.

References for Points in Headnotes
[1, 3, 4] 6 Am Jur 2d, Assault and Battery § 22 et seq.
[2] 53 Am Jur, Trial §§ 639-645.

Submitted Division 2 November 13, 1972, at Lansing. (Docket No. 12210.) Decided January 16, 1973.

Edward J. Verburg was convicted of taking indecent and improper liberties with a child under the age of 16 years. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Jerome P. Reif,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

T. M. BURNS, J. The defendant, 35-year-old Edward Verburg, was convicted by a jury of taking indecent and improper liberties with a child under the age of 16 years. MCLA 750.336; MSA 28.568 He was sentenced to a term of 2-1/2 to 10 years imprisonment and appeals as of right.

At trial, the testimony of the 14-year-old victim and his 13-year-old companion established that they met the defendant in a pool hall one evening, that he furnished them with alcoholic beverages throughout the night, and that they eventually accompanied the defendant to his apartment.

The victim's companion, an eyewitness to the alleged offense, testified that while the three were at the apartment defendant handled the penis of the victim and performed fellatio on the 14-year-old youth.

The victimized youth stated that he was heavily sedated by the alcohol and could not recall the

actual incident except for defendant's initial attempts to roll him over on his back.

After the prosecution had rested, defendant took the stand and interposed the defense of alibi and denied having any contact with the boys. The defendant's girlfriend, who worked at a restaurant, explained that the defendant was visiting her at work at the time the alleged offense occurred. However, the restaurant's manager testified that employment records indicated that the defendant's girlfriend did not work at the restaurant on the night in question.

The issues raised by the defendant will be discussed and decided in the manner presented below.

As the first assignment of error on appeal, defendant asserts that he should have been prosecuted under the gross indecency statute (MCLA 750.338; MSA 28.570) which carries a five-year maximum penalty rather than under the indecent liberties statute (MCLA 750.336; MSA 28.568) which provides for a ten-year maximum penalty.

Defendant's contention is bottomed upon the indecent liberties statute which provides in pertinent part:

"Any person or persons over the age of 16 years, who shall assault a child under the age of 16 years, and shall take or attempt to take indecent and improper liberties with the person of such child, *without committing or intending to commit the crime of rape or the crime of sodomy or the crime of gross indecency* upon such child, shall be guilty of a felony, punishable in the state prison for not more than 10 years, or by fine of not more than $5,000.00." (Emphasis supplied.)

The record discloses that two criminal acts were allegedly committed by the defendant, namely, handling the victim's penis and fellatio. While

fellatio constitutes the crime of gross indecency, *People v Dexter,* 6 Mich App 247, 250 (1967), the handling of the victim's penis also constituted an act of taking improper and indecent liberties which justified prosecution for that offense.

Finally, the defendant argues that the trial court erred by omitting an essential element of the crime charged from its instruction. This contention is specious.

The trial court in its instruction to the jury stated:

"Ladies and gentlemen of the jury, one of the penal statutes of this state, involved in this case, reads as follows:

" 'Any person or persons over the age of 16 years, who shall assault a child under the age of 16 years, and shall take or attempt to take indecent or improper liberties with the person of said child, shall be guilty of a felony punishable by the laws of this state.'

"More particularly, it is charged in the information 'that on the 4th day of January, 1970, the defendant, Edward Verburg, of the City of Grand Rapids, a person over the age of 16 years, did unlawfully and feloniously assault under the age of 16 years, to-wit: [the victim], born June 8, 1956, and did take indecent and improper liberties with the person of said child, contrary to Section 28.568 of Michigan Statutes Annotated, as amended.' Which is the provision that I just read to you."

Defendant claims error because the trial court failed to use the phrase "without committing or intending to commit the crime of rape or the crime of sodomy or the crime of gross indecency" found in the indecent liberties statute.

It is axiomatic that the trial court must fully and correctly instruct the jury on all elements of the offense charged. *People v Guillett,* 342 Mich 1 (1955); *People v Miller,* 35 Mich App 627 (1971).

However, the trial court is not required to introduce unnecessary legal points into its instructions. *People v Liggett,* 378 Mich 706 (1967).

In order for a jury to determine the guilt or innocence of an accused charged with taking indecent liberties, it is immaterial whether or not the other crimes enumerated in the statute were committed since the crime of taking indecent liberties may be perpetrated without committing or intending to commit any of the other offenses. Therefore the "without" phrase found in the indecent liberties statute does not create an additional element of the crime. Two essential elements must be shown, however, to sustain a conviction of taking indecent liberties. First, there must be an assault. Second, the liberties taken must be of such a nature as the common sense of society would brand as indecent and improper. *People v Kranz,* 39 Mich App 69 (1972); *People v Carr,* 2 Mich App 222 (1966); *People v Hicks,* 98 Mich 86 (1893). These elements were adequately covered in the trial court's instructions. Accordingly, there was no error.

For the reasons delineated above, defendant's conviction is affirmed.

All concurred.