PEOPLE v FLATT

1. CRIMINAL LAW—PROSECUTOR'S REMARKS—PREJUDICE.

Use of the word "bad faith" by the prosecutor in referring to defense counsel's attempt to impeach the complainant through alleged prior inconsistent statements made at a railroad grievance hearing, did not prejudice defendant's case or deny him a fair and impartial trial, however unfortunate the prosecutor's choice of words in phrasing his objection to defense counsel's line of questioning, where the record showed that defense counsel did not lay a proper foundation prior to questioning the complainant about his allegedly inconsistent antecedent testimony.

2. CRIMINAL LAW—PROSECUTOR'S REMARKS—PREJUDICES.

Denial of defendant's motion for a mistrial after the prosecutor answered in a surly manner a question put to complainant during defense counsel's cross-examination was not error where the trial judge not only immediately ordered a recess but also, out of the jury's presence, strongly admonished both attorneys regarding their conduct, and, after recalling the jury, cautioned them against being influenced by any emotional outbursts, intemperate remarks, or any exchange of colloquy between counsel, asking them to promise, which they did, not to allow the incident to prejudice them against the right of either the people or of the defendant to a fair trial; the cautionary instruction was sufficient to eliminate any prejudice which may have arisen from the prosecutor's improper exclamation.

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—CLOSING ARGUMENT—FAILURE TO OBJECT.

Prosecutor's remarks, made in closing and rebuttal argument, to the effect that defendant was attempting to "bamboozle" and to play a "game" with the jury with respect to his claim of self-defense, give no grounds for a reversal where the claimed error was not preserved for review and no miscarriage of justice is demonstrated.

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 42 Am Jur 2d, Prosecuting Attorneys § 20.

4. CRIMINAL LAW—PROSECUTOR'S REMARKS—CLOSING ARGUMENT—DE-
FENDANT'S GUILT.

A prosecutor's remark in closing argument that he believed that
defendant had stabbed the complainant without provocation did
not result in reversible error where the prosecutor in the very
same sentence acknowledged that there was evidence that the
complainant had instigated the confrontation by striking de-
fendant with his fist; it is not error for a prosecutor to argue
from the testimony that the defendant is guilty and to state
what evidence convinces him and should convince the jury of
such guilt.

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 December 13, 1972, at Detroit.
(Docket No. 13761.) Decided January 18, 1973.

Jace H. Flatt was convicted of felonious assault.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D.
Dockett,* Assistant Prosecuting Attorney, for the
people.

*John B. Phelps,* Assistant State Appellate De-
fender, for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and
O'HARA,* JJ.

O'HARA, J. Defendant Jace Huston Flatt was
convicted by a jury in Wayne Circuit Court of
felonious assault, MCLA 750.82; MSA 28.277, and
placed on probation for a period of one year. He
appeals of right.

There are three assignments of error. Each con-
tains several subdivisions. We have examined

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

them all. Those we do not discuss have not been overlooked. Rather we consider them to have raised issues not preserved on appeal or to have been of insufficient substance to merit decisional discussion.

Defendant argues on appeal that certain remarks by the prosecutor during the course of the trial so prejudiced his case as to deny him a fair and impartial trial.

Defendant's first objection is to the use of the word "bad faith" by the people in referring to defense counsel's attempt to impeach complainant through alleged prior inconsistent statements made at a railroad grievance hearing.

However unfortunate the prosecutor's choice of words in phrasing his objection to this line of questioning it is evident defense counsel did not lay a proper foundation prior to questioning the complainant about his allegedly inconsistent antecedent testimony. Thus upon timely objection by the prosecutor, the trial judge held this line of questioning to be improper. Only temporarily did zealous defense counsel comply with the ruling of the court. Soon he propounded a similar query to the complainant. Once again the prosecutor responded in like manner to what he, no doubt, regarded as a deliberate evasion of the court's previous ruling. His objection was sustained once more.

We cannot say that it was error under the circumstances.[1]

Perhaps the most serious instance of claimed prosecutorial misconduct occurred during cross-examination of the complainant by defense counsel:

"*Q. (By Mr. Harris)*: Now, at this hearing in the

---

[1] We also note defendant did not properly preserve this issue for appellate review.

trainmaster's office, June 22d, '71 to June 24th, '71—I am referring to Page 68—did you ever tell the board that Mr. Flatt preceded you at any time?

*"Mr. Hathaway:* Of course, he did. *Jesus, God!"* (Emphasis supplied.)

Lest defendant be denied his constitutional right to a fair trial before an impartial jury, the learned trial judge immediately ordered a recess. On the record but out of the jury's presence he strongly admonished counsel for both parties against any repetition of this unseemly incident. Apropos for our purposes, he also observed:

*"The Court:* For the record, while this is not permissible, I will hold, at the moment, that this was not a deliberate, wilful attempt on the part of Mr. Hathaway to prejudice this jury. I will make that finding."

Defendant's attorney then moved for a mistrial. This motion was denied by the trial judge. Upon the jury's return the judge gave the following curative instruction:

*"The Court:* Members of the jury, sometimes during the trial of a case lawyers get somewhat aggressive depending upon their disposition and nature. The function of a judge is to preside at a trial and to conduct a trial. I told you in the very beginning that the only thing that I look for in any case is to be sure that I can say to myself, 'There has been a fair trial before a court and jury in my court, both for the people and the defendant.' If there are outbursts in court or intemperate remarks the court has a way of handling these things; and I would suggest to you that you are not, in any way, to let any exchange of colloquy between the lawyers and myself interfere with your impartial verdict. What happens between the court and the lawyers has nothing to do with the merits of the case in so far as your province is concerned of finding what the facts

are. Don't let any exchange between us prejudice you against the right of the people or the right of the defendant to a fair trial. Do I have that promise on the part of all of you? *(Affirmatives from jurors.)*

"For my purposes, therefore, I must ask you please to disregard any remark that may have been made in court during any emotional outburst by any of the persons that are connected with this case."

We believe the foregoing cautionary instruction was sufficient to eliminate any prejudice which may have arisen from the prosecutor's improper exclamation.

Defendant next takes exception to certain other prosecutorial remarks made in closing and rebuttal argument to the effect that defendant was attempting to "bamboozle" and play a "game" with the jury with respect to his claim of self-defense. The claimed error was not preserved for review and no miscarriage of justice is demonstrated.

Defendant next contends that his conviction should be reversed because the prosecutor's closing argument comes within the scope of *People v Slater,* 21 Mich App 561 (1970); *People v Humphreys,* 24 Mich App 411 (1970). Although the prosecutor did inform the jury of his own belief that defendant had struck the first blow, he was arguing that the evidence supported this conclusion. After stating his belief that defendant had stabbed the complainant without provocation, he went on to acknowledge in the very same sentence that there was evidence the complainant had instigated the confrontation by striking the defendant with his fist. This type of argument finds support in *People v Bigge,* 297 Mich 58, 68 (1941). There the Supreme Court held:

"[I]t is not error for a prosecutor to argue from the

testimony that the defendant is guilty and to state what evidence convinces him and should convince them [the jury] of such guilt." See also *People v Fuston Thomas,* 36 Mich App 23 (1971).

Of the several assignments of error, none taken individually or collectively would warrant this Court overturning the verdict of the jury.

Affirmed.

All concurred.