PEOPLE v WHEAT

1. CRIMINAL LAW—INDECENT LIBERTIES—CONSTITUTIONAL LAW—STATUTES.

   The indecent liberties statute is not unduly vague and unconstitutional (MCLA 750.336).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—INFORMATION—STATUTES.

   A charge to the jury which includes a reading of the information and the applicable statutes will generally be found to be sufficiently comprehensive.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR—MISCARRIAGE OF JUSTICE—OBJECTIONS.

   Error relating to jury instructions has not been preserved for review where defense counsel not only failed to object, but affirmatively expressed satisfaction with the charge, and where no miscarriage of justice occurred.

4. CRIMINAL LAW—OFFENSES—LESSER INCLUDED OFFENSES.

   An offense to be a lesser included offense must contain some, but not all, of the elements of the higher offense and there must be no additional elements in the included offense which are not a part of the higher offense.

5. CRIMINAL LAW—INDECENT LIBERTIES—ACCOSTING—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—STATUTES.

   The crime of accosting a child for immoral purposes is not a lesser included offense of the crime of taking indecent liberties with a child; therefore, in a prosecution for attempting to take indecent liberties with a child, it was not error for the court to

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 309.
   50 Am Jur 2d, Lewdness, Indecency and Obscenity § 2.
[2] 75 Am Jur 2d, Trial § 575.
[3] 53 Am Jur, Trial § 906.
[4, 5] 21 Am Jur 2d, Criminal Law § 494.
[6, 7] 58 Am Jur 2d, New Trial § 56 *et seq.*
   75 Am Jur 2d, Trial §§ 192, 202.

refuse to instruct the jury on accosting a child for immoral purposes (MCLA 750.145a, 750.336).

6. CRIMINAL LAW—PROSECUTOR'S REMARKS—PREJUDICE—OBJECTIONS
   —NEW TRIAL.

   Comments made by a prosecutor during his opening argument do not require a new trial where the comments were not so manifestly prejudicial as to have tainted the entire proceedings and where a timely objection was not made.

7. CRIMINAL LAW—PROSECUTOR'S REMARKS—GOOD FAITH—JURY—EVI-
   DENCE—INSTRUCTIONS TO JURY—CURATIVE INSTRUCTIONS—MIS-
   CARRIAGE OF JUSTICE.

   A prosecutor may not make a statement of fact to the jury which is unsupported by the evidence of the case; however, a verdict in a criminal case will not be set aside because of a prosecutor's unsupported statement where no miscarriage of justice occurred, the statement was made in good faith, an extensive curative instruction was given, and the statement was not so inherently prejudicial that a curative instruction could not compensate for its effect on the jury.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 June 24, 1974, at Detroit. (Docket No. 16357.) Decided September 24, 1974.

Luddie Wheat was convicted of attempting to take indecent liberties with a child. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Larry R. Farmer,* Deputy State Appellate Defender, for defendant.

Before: Bashara, P. J., and Danhof and Churchill,* JJ.

Danhof, J. Defendant was convicted by a jury of attempting to take indecent liberties with a child, MCLA 750.336; MSA 28.568. He was sentenced to a term of from four years, nine months to five years in prison, and he appeals. We affirm.

On April 9, 1969, the complaining witness, an eight-year-old boy, together with a ten-year-old friend, went to a party store on Harper near Connor Street in the City of Detroit. While they were in the store, the defendant entered and purchased a bottle of liquor. He engaged the boys in a very brief conversation, the nature of which no one at trial could recall. Having paid the store's owner, a man known as Frank, for their purchases, the boys and the defendant left the store at approximately the same time.

Once outside the store, the defendant expressed a desire to effectuate mutual genital contact with the younger boy. Defendant took him by the hand and led him into an alley where he began to remove the boy's pants. With assistance of his older friend, the boy was able to break and run away before the defendant could achieve his purpose.

At trial, the defendant testified that he had been drinking heavily on the day in question. Although he was aware of being in the store, he could remember very little else of what happened that day. He attributed the boys' accusations to mistaken identity. The jury determined that he had "attempted to take indecent liberties".

Defendant's application for leave to file a delayed appeal was granted. He attacks the constitu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tionality of the indecent liberties statute, MCLA 750.336; MSA 28.568, contending that it is impermissibly vague. Defendant's appellate counsel recognizes the significance of the decision in *Armstrong v Bannan,* 272 F2d 577 (CA 6, 1959). In that case, the statute was held to sufficiently define the crime to inform defendant of the nature of the charge against him.

Nevertheless, defendant argues that *Armstrong* no longer reflects current concepts concerning vagueness of criminal statutory language as constituting a denial of due process. This argument is refuted by the decisions in *People v Payne,* 37 Mich App 442, 445; 194 NW2d 906, 908 (1971); *People v Kranz,* 39 Mich App 69, 71; 197 NW2d 276, 277 (1972); *People v Bennett,* 45 Mich App 127, 128; 205 NW2d 831, 832–833 (1973). These cases have rejected the contention that the statute is unduly vague and unconstitutional, citing *Armstrong.* We agree.

Closely related to his first issue is defendant's argument that the trial court's charge to the jury was erroneous because it did not sufficiently define the crime. The trial judge read the information which was drawn from the language of the statute, he read the statute itself, and he gave a detailed explanation complete with examples illustrating the elements of the offense.

A charge which includes a reading of the information and the applicable statutes will generally be found to be "sufficiently comprehensive". *People v Kruper,* 340 Mich 114, 122–123; 64 NW2d 629, 633 (1954). An instruction on this offense, indecent liberties with a child, which consisted of a reading of the statute and an elaboration less thorough than that given in the present case was upheld against the allegation that it was incom-

plete in *People v Noyes,* 328 Mich 207, 210–212; 43 NW2d 331, 333 (1950).

Further, the alleged error relating to the instruction is not before this Court. Defense counsel not only failed to object to the instruction in the lower court, but he affirmatively expressed satisfaction with the charge. *People v Cardenas,* 21 Mich App 636, 639; 176 NW2d 447, 448 (1970), *lv den* 383 Mich 820 (1970). No miscarriage of justice has occurred in the present case; therefore, in the absence of an objection, the claimed error has not been preserved for review. *People v Bodley,* 38 Mich App 27, 32; 195 NW2d 803, 805–806 (1972), *lv den* 387 Mich 777 (1972). *People v Gould,* 40 Mich App 689, 696; 199 NW2d 573, 576–577 (1972), *lv den* 388 Mich 767 (1972).

The trial court refused defendant's request that he instruct the jury on accosting a child for immoral purposes, MCLA 750.145a; MSA 28.341. It is defendant's position that this was error because accosting a child for immoral purposes is a lesser offense included in taking indecent liberties with a child. This contention cannot be accepted.

A test by which it may be determined whether or not a lesser offense is included within a greater offense was formulated in *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 684; 194 NW2d 693, 699 (1972):

"For an offense to be lesser included it must contain some, but not all of the elements of the higher offense and there must be no additional elements in the 'included' offense which are not a part of the 'higher' offense."

The offense which the defendant contends is lesser included, MCLA 750.145a, includes as an essential element the act of urging or entreating,

referred to in *People v Riddle,* 322 Mich 199; 33 NW2d 759 (1948), as "suggesting" that a child commit an immoral act. The offense of which the defendant was convicted, MCLA 750.336, does not include as an essential element any of these acts. The element of communication is not absolutely necessary. It appears that it is possible to commit this offense on an unconscious victim. *People v Verburg,* 44 Mich App 320; 205 NW2d 315 (1973). Therefore, the crime of accosting a child is not a lesser included offense in taking indecent liberties, and the trial court did not err by refusing to give the requested instruction.

Defendant objects for the first time on appeal to certain of the prosecutor's statements during his opening argument. These comments were not so manifestly prejudicial as to have tainted the entire proceedings, and, in the absence of a timely objection, they do not require a new trial. *People v Vail,* 49 Mich App 578, 596–597; 212 NW2d 268, 276–277 (1973).

The last issue to be raised in this appeal involves a statement by the prosecutor during defense counsel's closing argument to the jury. Defense counsel had indicated that the prosecution's case was deficient because the owner of the market in which the defendant and the boys first came into contact had not been called as a witness. At that point, the prosecutor objected by stating that defense counsel knew through the testimony of a previous witness that the store owner, Frank, was dead. Apparently, the prosecutor believed that the witness had so testified. Subsequent investigation of the record disclosed that the witness had not given such testimony. The trial court determined that the prosecutor had acted in good faith, and a cautionary instruction was given to the jury.

It is well settled that a prosecutor may not make a statement of fact to the jury which is unsupported by the evidence in the case. However, it is equally well settled that a verdict in a criminal case cannot be set aside unless it affirmatively appears that the error complained of has resulted in a miscarriage of justice. MCLA 769.26; MSA 28.1096; *People v Green,* 7 Mich App 346, 354; 151 NW2d 834, 838 (1967).

A prosecuting attorney is properly held to a very high standard of performance. Nevertheless, the courts have recognized that infallibility will never be achieved:

"Great care should be taken by prosecuting officers and trial courts that no statement be made in the presence of jurors which would jeopardize a defendant's right to a fair trial. But in the haste and heat of a trial it is humanly impossible to obtain absolute perfection, and of necessity some allowance must be made in determining whether impromptu remarks are to be held prejudicial. Statements should not be held prejudicial if they are made in good faith, and, when fairly construed, they do not appear to have been such as influenced the jury adversely to the rights of the accused." *People v Burnstein,* 261 Mich 534, 538; 246 NW 217, 218 (1933).

Also see *People v DeLano,* 318 Mich 557, 569; 28 NW2d 909, 913–914 (1947). This language has been interpreted as establishing that "the test to be applied is not whether there were some irregularities but instead did the defendant have a fair and impartial trial". *People v Williams,* 11 Mich App 62, 66; 160 NW2d 599, 601 (1968).

It has been held that even though it was error for the prosecutor to make a statement of fact to the jury, a prompt objection and an instruction to disregard the statement precludes reversal. *People*

*v Hill,* 28 Mich App 502; 184 NW2d 572 (1970). Such a curative instruction is especially effective where the comment imparts no significant new information to the jury. *People v Badge,* 15 Mich App 29; 165 NW2d 901 (1968).

In the present case, had Frank testified, he would have been able to reveal nothing that was not already known to the jury. The defendant himself testified that he was in the store at the time in question. It is undisputed that the prosecutor's statement was made in good faith. The defendant does not suggest that Frank is not in fact dead.

The statement of the prosecutor was not so inherently prejudicial that a curative instruction could not compensate for its effect on the jury. In *People v Flatt,* 44 Mich App 452, 455; 205 NW2d 303, 305 (1973), the prosecutor interjected an answer, followed by an expletive, to a question put to a prosecution witness by defense counsel on cross-examination. Conceding the impropriety of the exclamation, a panel of this Court concluded that a cautionary instruction was sufficient to eliminate any prejudice. Similarly in *People v Foster,* 51 Mich App 213; 214 NW2d 723 (1974), the defendant was unable to prevail on any of four assignments of error involving improper statements by the prosecutor. The giving of a curative instruction prevented the finding of reversible error. The extensive curative instruction given in the present case eliminates any possibility of prejudice to the defendant.

Affirmed.

All concurred.