## THE PEOPLE v. JOSEPH GOULETTE.

*Criminal law—Rape—Age of consent—Preliminary examination—Return of justice.*

1. The decision in *Yaner v. People*, 34 Mich. 286, holding that an examining magistrate must specify the offense for which he holds a respondent to trial, does not apply where a lesser crime is included in the greater one charged, and the justice is not requested on the examination to make such special finding.

2. The acts of a female, under the age of consent, can form no legal justification for an assault upon her with intent to violate her person; nor is it necessary for the jury to find, in order to convict, that respondent intended to gratify his passion, regardless of resistance; citing *People v. Courier*, 79 Mich. 366.

Error to Bay. (Cobb, J.) Argued June 12, 1890. Decided July 2, 1890.

Respondent was convicted of an assault with intent to commit rape. Judgment affirmed. The facts are stated in the opinion.

*Dwight D. Root*, for respondent.

*B. W. Huston*, Attorney General, and *Curtis E. Pierce*, Prosecuting Attorney, for the people.

[The points of counsel are stated in the opinion.—
REPORTER.]

GRANT, J. The respondent was convicted of the crime
of assault with intent to commit rape.

The complaint before the justice of the peace charged
that the respondent committed the crime of rape upon one
Victorine Martin, a female child under the age of 14
years, to wit, of the age of 13 years, and also that he
made an assault upon her with the intent, then and
there, feloniously, unlawfully, and carnally to know her.
He was arrested, examined, and bound over to the cir-
cuit court for trial; the justice making the usual return
that he found probable cause to believe the respondent
guilty of the commission of the crime charged.

The information filed in the circuit court contained
three counts,—the first one charging rape; the second,
assault with intent to commit rape; the third charging
him with having taken indecent and improper liberties
with the person of said Victorine Martin without com-
mitting, or intending to commit, the crime of rape.

1. The first count omitted the words "under fourteen
years of age," but did charge that she was of the age of
13 years. Upon the trial the court permitted an amend-
ment of this count by inserting the words "under four-
teen years of age." The court correctly permitted the
amendment, if any was needed. But, even if its allow-
ance were error, it is of no consequence, as the court
charged the jury that there could be no conviction under
this count.

2. It is claimed in behalf of respondent that the justice
did not specify in his return which one of the offenses
charged he found reason to believe the respondent guilty
of. It is a sufficient reply to this claim that the justice
was not requested to do so. The decision in *Yaner v.*

*People,* 34 Mich. 286, was based upon the express request made to the justice, and his refusal to so find. That decision cannot apply where a lesser crime is included in the greater one charged, and no request is made upon the justice at the examination.

3. It is also claimed that it was error to add the third count to the information. Act No. 153, Laws of 1887, expressly provides that such a count may be added to an information charging rape. It was the evident intention of the Legislature to make provisions for a trial under section 1 of that act where the proof came short of showing rape, or an assault with intent to commit rape. The objection is that the respondent was not examined before the justice for this offense, and therefore could not be tried for it in the circuit. This objection was made after the jury had been impaneled, and was overruled by the court. If this contention be correct, the statute providing for adding this count is void. The facts and circumstances sustaining a charge of assault with intent to commit rape upon a child under the age of consent would necessarily be very much the same as those tending to sustain the charge set forth in the third count. We think the statute is valid, and the third count properly added to the information. But, whether this be so or not, the respondent was not convicted under this count, and was therefore not prejudiced by the ruling of the court.

4. The only important and serious question raised by the record is whether the respondent was properly convicted under the second count, of an assault with intent to commit rape. The complaining witness had been placed by her parents in the care of respondent, who was a peddler, to be taken by him to her grandparents for a visit. He promised to convey her safely to her destination. Instead, he took her to a hotel in Bay City, and

registered as man and wife. The suspicion of the hotel-keeper was aroused, and he notified an officer. It is unnecessary to repeat the filthy details of the evidence. The jury found from abundant evidence that respondent attempted to have sexual intercourse with the girl, and that she at least made some resistance. The point raised in behalf of the respondent is settled by the case of *People v. Courier,* 79 Mich. 366. Her own acts, she being under the age of consent, could form no legal justification to respondent for an assault upon her with intent to violate her person; nor was it necessary for the jury to find, in order to convict, that he intended to gratify his passion, regardless of resistance.

5. The statements made by the complaining witness to the officer just after the arrest of the respondent, and the prior acts of familiarity between them, were competent. This has been too often decided by this Court to require a citation of authorities.

There is no error in the record, and the judgment must be affirmed.

The other Justices concurred.