### THE PEOPLE v. CHARLES SHEFFIELD.

*Criminal law—Indecent assault—Lesser offense.*

1. The mere familiarity between a man over 50 years of age and a girl less than 14 years of age, who have been intimate and frequently in each other's company, consisting of the man's putting his arm around the girl's waist with her consent, does not, in the absence of any offer or threat to take or request to be allowed to take any other liberties with her person, constitute an assault.

2. In a prosecution under 3 How. Stat. § 9314b, for taking improper liberties with the person of a female child, where the evidence shows the respondent to have been guilty either of the offense charged or of no statutory offense, it is error to instruct the jury that they may convict the respondent of an assault and battery.

Error to Barry. (Smith, J.) Submitted on briefs March 1, 1895. Decided April 26, 1895.

Respondent was convicted of assault and battery, and sentenced to pay a fine of $100, and to be confined in the county jail for 30 days. Judgment reversed, and respondent discharged. The facts are stated in the opinion.

*Lowden & Barrell,* for respondent.

*Fred A. Maynard,* Attorney General, and *James A. Sweezcy,* Prosecuting Attorney, for the people.

McGRATH, C. J.   This is a prosecution under 3 How. Stat. § 9314*b,* which provides that—

> "If any male person or persons over the age of 14 years shall assault a female child under the age of 14 years, and shall take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, he shall be deemed a felonious assaulter," etc.

The court instructed the jury that it would be legally competent for them to convict respondent of an assault and battery, it being a lesser offense, and included in the one with which respondent is charged; and the jury found the respondent guilty of assault and battery.

The charge of the court was erroneous, and the verdict cannot stand.   The girl's testimony tended clearly to show that respondent was not guilty of any improper liberties.   She testified that all respondent did or attempted to do was to put his arm around her waist, and that no offer or threat to take or request to be allowed to take any other liberties with her person was made by respondent.   Two young men testified that they saw the pair sitting on the ground; that respondent's arm was around the girl, and that his other hand was under her clothes; that, at all events, they did not see the other hand.   There was no middle ground here. The respondent was either guilty as charged, or the jury have been allowed to find that an act not unlawful in itself constituted an assault.   Such mere familiarity, participated in and consented to by the child, in the absence of indecent and improper liberties, between a man over 50 years of age and a girl under 14, who have been intimate and frequently in each other's company, does not constitute an assault.   An assault involves "every attempt or offer, with force and violence, to do

a corporal hurt to another." *Drew v. Comstock,* 57 Mich. 176. Rape upon a female 14 years of age and upwards involves an assault with intent, an assault and battery, and an assault. The assault must be shown to have been committed. It is included in the major offense, and is a necessary ingredient thereof. Each element going to make up the greater offense is in itself a statutory offense. In that class of cases it has frequently been held that the jury may convict of the lesser offense.

Carnal knowledge and abuse of a girl under 14 years of age is a statutory offense, although she consents. *People v. Courier,* 79 Mich. 366, *People v. Miller,* 96 Id. 119, and *People v. Abbott,* 97 Id. 484, were prosecutions under 3 How. Stat. § 9094. In the first case it was insisted that the offense had not been completed, but the Court held that perfect penetration was not necessary; that force, against the will of the child, was not a necessary element of the crime; that sexual intercourse was sufficient; and that, if an assault was made with that design, the assaulter was guilty of an assault with intent to commit the crime. In the Miller case respondent was convicted of an assault with intent to commit the act, although the people's evidence was to the effect that the offense charged had been committed, and respondent denied even an attempt. In the Abbott case actual sexual intercourse was shown and found. Each of these cases involved, as a lesser crime, the offense charged in the present case, and the testimony embraced that offense. In the Courier case it is said: "If indecent liberties are taken with the child, with no intent to have sexual intercourse, it is punishable as an assault."

The statute in the present case aims at indecent and improper liberties with the person of the child. It is in and of itself the lesser offense in the category of offenses committed with consent. When applied to a case where an asault is not associated, it involves no other statutory offense. Indeed, it is the statute which gives to the act

constituting the offense the character of an assault. In *People v. Hicks*, 98 Mich. 86, the act was done against the protest of the child; hence involved an assault independent of this statute.

The judgment is reversed, and the respondent discharged.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.