1. CERTIORARI — WRIT — AUTHORITY TO ISSUE — CIRCUIT COURT COMMISSIONERS—STATUTE.

    Act No. 310, Pub. Acts 1905, providing for review by certiorari of rulings on motions to quash, intends that the Supreme Court shall have exclusive authority to issue the writ, and the issuance of a writ by a circuit court commissioner is unauthorized.

2. SAME—DISMISSAL—MERITORIOUS QUESTION—DECISION.

    Though the writ of certiorari in this case is dismissed because issued by a circuit court commissioner without authority, it is regarded as an application to this court for a new writ, and the meritorious question involved therein decided, a speedy determination of the issue being demanded by the interests of both the applicant and the people.

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—TESTIMONY—SUFFICIENCY—ASSAULT WITH INTENT TO RAPE.

    Testimony that respondent committed an assault upon a female under the age of 16 years, with intent to have sexual intercourse with her, justifies the examining magistrate in binding him over to the circuit court for trial on a complaint and warrant charging him with assault with intent to commit the crime of rape.   (Sections 11489, 11490, 3 Comp. Laws.)

4. SAME —COMPLAINT AND EXAMINATION — VARIANCE — EFFECT— INFORMATION.

    That the testimony taken on an examination on a complaint charging respondent with assault with intent to commit the crime of rape upon a female under the age of 16 years " by force and against her will" fails to show that any force was intended is immaterial, since the information filed may properly omit the unnecessary charge of force, so long as it is based upon the same transaction.

5. CERTIORARI—STATUTE—APPLICATION—CRIMINAL CASES.

    Whether Act No. 310, Pub. Acts 1905, providing for review by ceritorari of rulings on motions to quash, authorizes a certiorari to review the denial of a motion to dismiss a criminal case upon the ground that the examination does not show reasonable cause to believe that the offense charged in the complaint and warrant was committed, is not decided.

Certiorari to Barry; Smith, J. Submitted June 13, 1907. (Docket No. 122.) Decided October 4, 1907.

Thomas L. Chamblin was arrested and bound over for trial in the circuit court on a charge of assault with intent to commit statutory rape. There was an order denying a motion to quash, and he brings certiorari. Dismissed.

*Colgrove & Potter*, for appellant.

*Lee H. Pryor*, Prosecuting Attorney, for the people.

CARPENTER, J. Upon the charge that respondent had committed an assault with intent to commit the crime of rape he was apprehended, examined before a justice of the peace, and bound over to the circuit court. The charge in the complaint and warrant was that respondent "upon * * * Ada Grondine, a female of the age of less than 16 years, to wit, the age of 15 years, * * * feloniously did make an assault with intent, her, the said Ada Grondine, by force and against her will, then and there feloniously to ravish and carnally know." Before an information was filed in the circuit court, respondent's counsel asked that court to dismiss the case upon the ground that "the examination of the complaining witness, Ada Grondine, * * * does not show that the offense charged in said complaint and warrant was committed, or that there is reasonable cause to believe that it was committed." This motion was denied. He thereupon obtained an allowance of a writ of certiorari from a circuit court commissioner for the county of Barry, and urges that it is made the duty of this court, by Act No. 310 of the Public Acts of 1905, to review the ruling of the circuit court.

The first question which arises on this record is this: Had the circuit court commissioner for the county of Barry authority to allow said writ of certiorari? Manifestly that depends upon a proper construction of Act No.

310 of the Public Acts of 1905.   That act, so far as material to the question under discussion, reads:

" Whenever in any action at law in a circuit court a motion to quash the writ   *   *   *   upon jurisdictional grounds   *   *   *   shall· be decided adversely to the party filing such motion   *   *   *   the decision may be reviewed by writ of certiorari forthwith.   Upon the issue of such writ the Supreme Court may, upon proper cause shown, stay the proceedings in the circuit court pending · their decision on such writ."

This reference to the Supreme Court sufficiently manifests the intent of the legislature to give to that court exclusive authority to determine whether such writ of certiorari shall issue.   The circuit court commissioner had, therefore, no authority to allow said writ· and the writ must for that reason be dismissed.   As the result of dismissing said writ for the above reason will almost certainly lead to an application for a new writ from this court, and as the interests of the people and respondent, each demand a speedy determination of the issue, we think it our duty to regard the case before us as such an application, and to dispose of the meritorious question involved, viz., Did the examination show that there was reasonable ground to believe respondent guilty of the offense charged in the complaint ?   The complaining witness testified:

"I will be 16 years old the 29th day of July, next. The respondent came to my house on the 6th day of March, 1907.   That was the first time I ever saw him.   He came alone, and I was alone at the time.   *   *   *   He went up by the stove and began to pull his money out of his pocket.   He said, ' Do you want to earn a dollar ? ' and I said, ' No, sir; I don't.'   Then he came up to me and tried to put his hand up under my clothes.   He took hold of my arm with one hand and tried to put his other hand under my clothes and I jerked away. from him and told him if he didn't go away I would have him arrested."

From this testimony it is to be inferred that respondent ·committed an assault upon the complaining witness; that

he did so with the intent of having sexual intercourse with her and that she was at that time less than 16 years of age; but the claim is now made that it cannot be inferred from this testimony that respondent intended to use force to accomplish his purpose, and that without proof of that intent he cannot be convicted of the crime charged in the complaint and warrant. As the complaining witness was under the age of 16 years, respondent would (see section 11489, 3 Comp. Laws) have been guilty of the crime of rape, if he had sexual intercourse with her, even though by her consent. And if, when he committed the assault, respondent intended to have sexual intercourse by such consent, he was, under section 11490, as construed by this court in *People* v. *McDonald*, 9 Mich. 150, guilty of an assault with intent to commit the crime of rape.

While respondent's counsel concede this, they contend that in the complaint and warrant the crime is charged in such language as to compel the people to prove an intent to use force to accomplish the contemplated rape. They do not contend that it was necessary to use such restrictive language. Indeed, they concede, and it was settled by *People* v. *McDonald,* supra, that that was unnecessary; but they do contend that the allegation having been "made unnecessarily minute in the description, the proof must satisfy the descriptive as well as the main part." If this contention is well taken—and whether it is or not we do not determine—we answer it by saying that in the circuit court the prosecuting attorney may file an information against respondent which is entirely free from the objection made to the language of the complaint and warrant; for it is settled that "so long as the information was based upon the same transaction it need not charge the same precise offense named in the original warrant of arrest." *People* v. *Stockwell,* 135 Mich. 341. There is, therefore, no ground for issuing the writ of certiorari, and the writ heretofore issued will be dismissed. To prevent a possible misapplication of the principles of this decision, we think it proper to say that in stating the

foregoing reason for denying respondent's application, we do not decide that such grievances as his can, under any circumstances, be reviewed under Act No. 310 of the Public Acts of 1905.

McAlvay, C. J., and Grant, Hooker, and Moore, JJ., concurred.