PEOPLE v. DOYLE

CRIMINAL LAW—INDECENT LIBERTIES—DEFENSES—AGE—BELIEF.

> Knowledge or belief that the child does not come within the statutorily prohibited age group is not an element of the crime of taking indecent liberties with a female child under 16 years of age; the statute deals only with the fact of the child's age, namely, that she be under age 16 at the time of the act and defendant's misapprehension of her age is no defense (MCLA § 750.336).

Appeal from Genesee, John W. Baker, J. Submitted Division 2 February 4, 1969, at Lansing. (Docket No. 4,677.) Decided February 27, 1969. Leave to appeal denied May 15, 1969. See 382 Mich 753.

Sidney Doyle was convicted, on his plea of guilty, of taking indecent liberties with a female child under the age of 16 years. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*Robert L. Segar,* for defendant on appeal.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
33 Am Jur, Lewdness, Indecency, and Obscenity § 3.

Per Curiam. By his plea of guilty, defendant was convicted September 5, 1967 of taking indecent liberties with a female child under the age of 16 years, MCLA § 750.336 (Stat Ann 1954 Rev § 28-.568). He was sentenced thereafter, and he appeals on the basis his plea should not have been accepted because his statement to the court at the time of plea disclosed that an essential element of the crime was lacking. This element was defendant's knowledge or belief that the child was not within the statutorily prohibited age group.

Appointed counsel has done an outstanding job in presenting defendant's appeal. His argument that the doctrine of *People* v. *Gengels* (1922), 218 Mich 632, 641, namely, belief that the victim has reached the age of consent is no defense in a statutory rape case, should not be extended to cases of indecent liberties is persuasive. Current social and moral values make more realistic the California view that a reasonable and honest mistake of age is a valid defense to a charge of statutory rape, *People* v. *Hernandez* (1964), 61 Cal 2d 529 (39 Cal Rptr 361, 393 P2d 673). Michigan may ultimately adopt this view, but this Court is bound to follow the law presently in effect.

As we read the statute, the only element of the crime relating to the age of the child is the fact of her age. This child was 13 years of age. The same reasoning that gave rise to the doctrine of *Gengels, supra,* applies to defendant's contention here, in spite of his well reasoned arguments to the contrary. The only element relating to age of the victim in this case, as in statutory rape, is that the victim be under the age of 16 at the time of the act.

Affirmed.