PEOPLE v BENNETT

1. CRIMINAL LAW—INDECENT LIBERTIES—ELEMENTS—ASSAULT.
   The assault which necessarily is involved in taking indecent
   liberties with a child under the age of 16 is sufficient to
   constitute an assault within the meaning of the statute, and an
   assault separate and apart from the act itself need not be
   proven (MCLA 750.336).

2. CRIMINAL LAW—INDECENT LIBERTIES—DEFENSES—CONSENT—AGE.
   A 14-year-old boy is legally incapable of giving consent to the
   taking of indecent liberties with him.

Appeal from Barry, Richard E. Robinson, J. Submitted Division 3 December 5, 1972, at Grand Rapids. (Docket No. 13199.) Decided February 22, 1973. Leave to appeal denied, 389 Mich 816.

Herbert L. Bennett was convicted of taking indecent liberties with a child under the age of 16. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David A. Dimmers,* Prosecuting Attorney, for the people.

*Daniel A. Seikaly,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 6 Am Jur 2d, Assault and Battery § 67.
   Assault with intent to commit unnatural sex act upon minor as
   affected by latter's consent, 65 ALR2d 748.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Van Valkenburg, J. The defendant was convicted by a jury of taking indecent liberties with a 14-year-old boy contrary to MCLA 750.336; MSA 28.568, was sentenced to a prison term of from 2 to 10 years, and appeals as of right. He testified in his own behalf and interposed the defense of alibi.

Defendant asserts that in order to sustain a conviction under MCLA 750.336, *supra,* there must be proof of an assault which necessarily occasions the taking of indecent liberties. This precise question was before this Court in *People v Osborn,* 31 Mich App 156 (1971), wherein this Court held that the assault which necessarily is involved in taking indecent liberties with a child under the age of 16 is sufficient to constitute an assault within the meaning of the statute. An assault separate and apart from the act itself need not be proven.

Defendant further asserts that there could be no assault since the act was committed with the complainant's consent. This Court in *People v Doyle,* 16 Mich App 242 (1969), impliedly recognized that a child under the age of 16 years is legally incapable of giving consent to the taking of indecent liberties, applying the same rationale that applies to statutory rape. While complainant herein was a male under the age of 16, we can see no reason for applying a different rule merely because of gender. Obviously, the sex of the child does not render him any more capable in the eyes of the law to give his consent to such acts. Accordingly, we hold that this 14-year-old boy was legally incapable of giving consent.

Defendant's contention that the statute herein challenged is unconstitutional is without merit. See *People v Hicks,* 98 Mich 86 (1893); *Armstrong v Bannan,* 272 F2d 577 (CA 6, 1959); *People v Kranz,* 39 Mich App 69 (1972).

Although defendant's remaining allegations of error were not properly preserved for appellate review, they have been carefully considered and found lacking in merit.

Affirmed.

All concurred.