PEOPLE v WORRELL

Docket No. 68630. Argued June 7, 1983 (Calendar No. 11).—Decided November 21, 1983.

Jack Worrell was convicted by a jury in the Monroe Circuit Court, William J. Weipert, Jr., J., of assault with intent to commit criminal sexual conduct involving sexual penetration on a 13-year-old girl, and he pled guilty of being an habitual offender. The Court of Appeals, V. J. Brennan, P.J., and T. M. Burns and Pannucci, JJ., affirmed (Docket No. 53944). The defendant appeals, asserting that some force or violence is an essential element of the offense of which he was convicted, and that the jury should have been so instructed.

In an opinion by Justice Kavanagh, joined by Justices Levin, Ryan, Brickley, and Cavanagh, the Supreme Court *held:*

A conviction of assault with intent to commit criminal sexual conduct involving penetration in a case in which the victim is between the ages of 13 and 16 years requires that an assault on the victim be proved. While consent of such a victim is no defense to charges of criminal sexual conduct or attempt, it is a defense to a charge of assault. Assault and consent are mutually exclusive concepts. There can be no assault without proof of force or a threat of force.

The Legislature has protected children of tender years by providing that the consent of persons under the age of 16 to sexual intercourse is legally ineffective, and that the consent of persons under the age of 13 to any sexual contact is equally ineffective, but persons of all ages are equally protected under the assault laws.

Because the sexual activity in this case is not claimed to have been other than consensual and there was no evidence of assault, the jury should not have been instructed on assault

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 65 Am Jur 2d, Rape §§ 15, 21-23.
[2, 3] 65 Am Jur 2d, Rape § 3.
[4] 65 Am Jur 2d, Rape § 4.
[5] 65 Am Jur 2d, Rape §§ 108, 110.
    75 Am Jur 2d, Trial § 876.

with intent to commit criminal sexual conduct involving penetration.

Reversed.

Justice Boyle, joined by Chief Justice Williams, dissenting, would hold that the crime of assault with intent to commit criminal sexual conduct involving sexual penetration in a case in which the victim is between the ages of 13 and 16 years is made out by evidence sufficient to permit the trier of fact to conclude that the defendant had the specific intent to commit sexual penetration. The criminal nature of the touching does not depend on the victim's ability to consent to some sexual contact, but on the defendant's intent, and therefore a showing of force or coercion is not necessary where the victim is under the age of 16.

1. The criminal sexual conduct statute protects persons under 13 years of age from both sexual contact and sexual penetration. Where a person is at least 13 years of age, but less than 16, consent can be given to sexual contact, but not to penetration. Assault with intent to commit criminal sexual conduct involving penetration consists of the specific intent to achieve sexual penetration in addition to some physical manifestation of the intent. Where a victim is between the ages of 13 and 16, acts from which a specific intent to achieve sexual penetration can be inferred are not permissible merely because some touching of the victim for sexual gratification would otherwise be permissible where consent was given. The criminal nature of the touching does not depend on the victim's ability to consent to some sexual contact, but rather on the defendant's intent. The determination of intent is for the trier of fact. In this case, a reasonable trier of fact could have found beyond a reasonable doubt that the defendant intended sexual penetration of the victim.

2. It is not necessary to show force or coercion to make out a case which would permit the trier of fact to conclude that the defendant intended to commit sexual penetration during an assault where the victim is under the age of consent for sexual penetration. If force or coercion were necessary elements of the offense where an underage victim is involved, underaged victims would have no greater protection from sexual assaults than adults, a result inconsistent with the intent of the Legislature in enacting the statutes proscribing criminal sexual conduct. Rather, the Legislature intended to make a defendant strictly liable for his intent and conduct in sexually assaulting a person under the age of consent. This does not mean that any overt act will be conclusively presumed to include an intent to

penetrate the victim. An assault, *i.e.,* an overt act, and the intent to commit sexual penetration must be proved beyond a reasonable doubt to support a conviction of assault with intent to commit criminal sexual conduct involving sexual penetration.

3. In this case, the defendant was charged with third-degree criminal sexual conduct, *i.e.,* sexual penetration of a person between 13 and 16 years of age. Because force and violence are not necessary elements of assault with intent to commit criminal sexual conduct involving sexual penetration with a person who is under 16 years of age, the jury could properly be instructed that the assault was a necessarily lesser included offense of third-degree criminal sexual conduct. For the same reasons, the information did not fail to give the defendant adequate notice that he would be required to defend against the assault charge.

4. Before sentencing the defendant, the trial court reviewed his previous criminal record, noting both the frequency and the nature of his crimes. The court also noted that many of the crimes involved excessive consumption of alcohol and that there was some indication that the defendant's excessive consumption problem was not under control. The record shows that the court recognized its discretion in imposing a sentence, but determined that the greatest possible sentence was appropriate as the maximum sentence.

111 Mich App 27; 314 NW2d 516 (1981) reversed.

OPINION OF THE COURT

1. RAPE — ASSAULT WITH INTENT TO COMMIT CRIMINAL SEXUAL CONDUCT — INFANTS — DEFENSES — CONSENT.

Proof of an assault on the victim, creating a reasonable apprehension of immediate injury, is required for a conviction of the crime of assault with intent to commit criminal sexual conduct involving penetration in a case in which the victim is between the ages of 13 and 16 years; while consent of such a victim is no defense to charges of criminal sexual conduct or attempt, it is a defense to a charge of assault (MCL 750.520g[1]; MSA 28.788[7][1]).

DISSENTING OPINION BY BOYLE, J.

2. RAPE — ASSAULT WITH INTENT TO COMMIT CRIMINAL SEXUAL CONDUCT — INFANTS — ELEMENTS — FORCE.

*The crime of assault with intent to commit third-degree criminal sexual conduct in a case in which the victim is between the*

ages of 13 and 16 years is made out by evidence sufficient to permit the trier of fact to conclude that the defendant had the specific intent to commit sexual penetration; a showing of force or coercion is not necessary where the victim is under the age of 16 (MCL 750.520g[1]; MSA 28.788[7][1]).

3. RAPE — ASSAULT WITH INTENT TO COMMIT CRIMINAL SEXUAL CONDUCT — INFANTS — CONSENT.

A person between the ages of 13 and 16 years may consent to sexual contact, but not to sexual penetration; however, where a defendant assaults such a person with the intent to commit sexual penetration, any touching to which the victim may otherwise consent and from which an intent to commit sexual penetration may be inferred is not permissible and is the crime of assault with intent to commit third-degree criminal sexual conduct (MCL 750.520g[1]; MSA 28.788[7][1]).

4. RAPE — ASSAULT WITH INTENT TO COMMIT CRIMINAL SEXUAL CONDUCT — INFANTS — FORCE.

It is not necessary to show force or coercion to make out a case that the defendant intended to commit sexual penetration during an assault where the victim is under the age of consent for sexual penetration; the prosecutor need only show beyond a reasonable doubt an overt act and an intent to commit sexual penetration (MCL 750.520g[1]; MSA 28.788[7][1]).

5. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — ASSAULT WITH INTENT TO COMMIT CRIMINAL SEXUAL CONDUCT — INSTRUCTIONS TO JURY — LESSER INCLUDED OFFENSES.

Because force and violence are not necessary elements of the crime of assault with intent to commit criminal sexual conduct involving sexual penetration with a person under 16 years of age, the jury in a prosecution for third-degree criminal sexual conduct could properly be instructed that the assault offense was a lesser included offense of the crime charged and the information charging the defendant provided sufficient notice to the defendant that he would be required to defend against the assault offense (MCL 750.520d[1][a], 750.520g[1]; MSA 28.788[4][1][a], 28.788[7][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, *William D. Bond,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kim Robert Fawcett)* for the defendant.

KAVANAGH, J. The dissent in this case, as the decision of the Court of Appeals, is based on the premise that a charge of statutory rape or criminal sexual conduct is made out by evidence of penetration of a female under the statutory age without regard to her consent. This is not disputed. The law traditionally has held that the consent of a person of such tender years to such acts will not be recognized and accordingly that consent is no defense to such a charge.

Likewise, consent is no defense to a charge of attempt to effect such sexual penetration.

However, proof of penetration or attempt to penetrate will support conviction of the crime of assault with intent to effect such connection only if the assault be made out.

The cases cited by the Court of Appeals and the dissent, by and large, posit assault[1] and hence do not address the question presented here. *People v McDonald,* 9 Mich 150 (1861), is the only case brought to our attention which involves consensual sexual activity and a charge of assault with intent to commit statutory rape. The Court said that since consent is no defense to the crime of statutory rape, neither is it a defense to a charge of assault with intent to commit the crime. While it is true that the consent of the minor is irrelevant to a charge of statutory rape or attempt to commit statutory rape, it is relevant to a charge of assault with intent to commit statutory rape.

---

[1] *People v Courier,* 79 Mich 366, 368; 44 NW 571 (1890). "Sexual intercourse is sufficient, and *if an assault is made,* with the design of sexual intercourse with a child under the statutory age, the crime of an assault with intent to carnally know and abuse the child is committed." (Emphasis supplied.) *People v Carlson,* 160 Mich 426; 125 NW 361 (1910).

" 'An assault is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with a present ability to carry such intention into effect.' 3 Cyc, p 1020.

" 'An assault is any unlawful physical force, partly or fully put in motion, creating a reasonable apprehension of immediate injury to a human being.' 2 Bishop, Criminal Law (7th ed), § 23." *People v Carlson,* 160 Mich 426; 125 NW 361 (1910).

If the other person is a willing partner to the physical act, there can be no assault because there is no reasonable apprehension of immediate injury. The *McDonald* Court apparently viewed the offense there charged as an attempted statutory rape. Yet no reason is given for ignoring the ordinary meaning of the word assault. We are not persuaded by the reasoning of *McDonald.* Instead, we feel constrained to accord the word assault in our present statute, MCL 750.520g; MSA 28.788(7), its commonly understood meaning, for to define assault as does the dissent makes the offense identical to attempted criminal sexual conduct in the third degree. This would make MCL 750.520g(1); MSA 28.788(7)(1) and MCL 750.92; MSA 28.287 redundant, and their provisions for penalties of ten years and five years, respectively, equally applicable with no principled basis for distinction. We will not ascribe such an intention to the Legislature.

Assault and consent are mutually exclusive. There can be no assault without proof of force or threat thereof. Accordingly, while consent will not amount to a defense to the charge of criminal sexual conduct or attempt to commit it, it is a defense to every charge of assault.

The suggestion that to require proof of force or

offer of force in every charge of assault somehow reduces the protection of children of tender years intended by this legislation is chimerical. Persons of all ages are equally protected under our assault laws. The consent of persons under 16 years to sexual intercourse is legally ineffective. The consent of persons under 13 years to any sexual contact is equally ineffective legally.

This is the protection the Legislature ordained. We are not free to enforce our own values in the name of construction even to provide some perceived greater protection.

Because the sexual activity here is not claimed to be other than consensual, there is no evidence to support a verdict of assault, and hence it was error to instruct on it.

This conviction is set aside, and the defendant discharged because the refusal of the jury to find the defendant guilty of criminal sexual conduct or attempted criminal sexual conduct precludes his retrial on those charges.

LEVIN, RYAN, BRICKLEY, and CAVANAGH, JJ., concurred with KAVANAGH, J.

BOYLE, J. *(dissenting)*.

I. FACTS

The issue before the Court is whether actual force and violence is an essential element of the offense of assault with intent to commit sexual penetration with a person between the ages of 13 and 16.

Defendant-appellant Jack Worrell was charged with third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), *i.e.,* sexual penetration with a person at least 13 years of age and

under 16 years of age. He was convicted by a jury of assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); MSA 28.788(7)(1). Defendant subsequently pled guilty to being an habitual offender, MCL 769.10; MSA 28.1082. He was sentenced to a term of 2-1/2 to 15 years. The Court of Appeals affirmed his conviction. 111 Mich App 27; 314 NW2d 516 (1981).

Fairly characterized, the record reveals a situation in which the 13-year-old complainant may have had aspirations to be the "girlfriend" of the 34-year-old defendant. Consequently, although the criminal sexual conduct act characterizes young people between the ages of 13 and 16 as "victims" of sexual penetration, complainant's testimony reflects her own ambivalence at being so identified. A next-door neighbor testified that she had seen the defendant and the complainant on the couch "loving it up" at her apartment a few days before the incident giving rise to this prosecution. On the night of the offense, the complainant and the defendant were again visiting the apartment of the next-door neighbor. Fifteen minutes after the defendant arrived, the complainant went upstairs to use the bathroom and she stayed to pick up some dirty clothes in the bedroom. Approximately ten minutes after the complainant went upstairs, the defendant went upstairs to use the bathroom. The defendant and the complainant were upstairs together for not quite half an hour. When the complainant did not come down after a time, the neighbor called the complainant twice. When she did not come downstairs, the neighbor went upstairs and opened the bathroom door. The neighbor testified that she saw the defendant and the complainant lying on the bathroom floor. Each was

naked from the waist down, and the defendant's body was between the complainant's legs.

The complainant testified on direct examination that the defendant had removed her clothing and had penetrated her. On cross-examination, she testified that it was "possible" that the defendant never penetrated her. Later the same evening, complainant was forcibly raped by a different person, and the encounter with the defendant came to light during the course of the police investigation of the forcible rape.

The information charged that the defendant "[d]id engage in sexual penetration with another person, * * * said person being at least 13 years of age, but under 16 years; contrary to Section 750.520d(1)(a), Compiled Law 1970; Michigan Statutes Annotated 28.788(4)(1)(a)" (third-degree criminal sexual conduct). In addition to instructing the jury on the principal charge, the court, over defense objection, gave instructions on attempted criminal sexual conduct and assault with intent to commit criminal sexual conduct involving penetration. Defense counsel indicated that the defendant preferred to go ahead with a guilty or not guilty verdict on the principal charge. After the jury returned a verdict of guilty of assault with intent to commit criminal sexual conduct,[1] the defendant moved for a judgment notwithstanding the verdict on the ground that the trial court erred in failing to instruct the jury that an assault required some force or violence. The motion was denied.

In affirming the conviction, the Court of Appeals relied on a long line of cases holding that force was not a necessary element of assault with intent to rape when the female is under the statutory age of consent.

---

[1] MCL 750.520g(1); MSA 28.788(7)(1).

## II. ASSAULT WITH INTENT TO COMMIT CRIMINAL SEXUAL CONDUCT INVOLVING PENETRATION INSTRUCTION

It is well settled that under the now-repealed statutory provision for assault with intent to commit rape (formerly MCL 750.85; MSA 28.280), force, or lack of consent, was not a necessary element where the victim was under the age of consent. *People v Eddy,* 252 Mich 340; 233 NW 336 (1930); *People v Kongeal,* 212 Mich 307; 180 NW 636 (1920); *People v Chamblin,* 149 Mich 653; 113 NW 27 (1907); *People v Goulette,* 82 Mich 36; 45 NW 1124 (1890); *People v McDonald,* 9 Mich 150 (1861). The rationale for this rule was that the actual consent of the victim to the acts constituting the assault was ineffective because the underage female was conclusively presumed to be incapable of consenting to sexual intercourse. *People v McDonald, supra,* p 152.

"In cases of this kind it is not necessary that it should be shown, as in rape, that the accused intended to gratify his passion at all events. If he intended to have sexual intercourse with the child, and took steps looking towards such intercourse, and laid hands upon her for that purpose, although he did not mean to use any force, or to complete his intent if it caused the child pain, and desisted from his attempt as soon as it hurt, he yet would be guilty of an assault with intent to commit the crime charged in the information. Force, against the will of the female, is not a necessary element of the crime charged here. Sexual intercourse is sufficient, and if an assault is made, with the design of sexual intercourse with a child under the statutory age, the crime of an assault with intent to carnally know and abuse the child is committed." *People v Courier,* 79 Mich 366, 368; 44 NW 571 (1890).

This is the prevailing view in the United States.

See Perkins, Criminal Law (2d ed), pp 170-171. See also Anno: *Assault with intent to ravish or rape consenting female under age of consent,* 81 ALR 599, 601. The minority view is that a person who attempts to have intercourse with a child under the age of consent may not be found guilty of assault with intent to rape where the child consented to what was done. The rationale of the minority view is that consent eliminates the element of force and resistance necessary to constitute an assault. See *State v Deveau,* 354 A2d 389 (Me, 1976); *Commonwealth v Orris,* 136 Pa Super 137; 7 A2d 88 (1939). *Cf. Commonwealth v Bowes,* 166 Pa Super 625; 74 A2d 795 (1950) (child under seven years of age conclusively presumed to have no capacity to consent). Under the majority view, while the assault required some physical manifestation or overt act in addition to the intent to commit rape, actual touching was not required. *People v Carlson,* 160 Mich 426; 125 NW 361 (1910). On the other hand, not every touching of a female under the age of consent was an assault with intent to commit rape. The sexual purpose of the defendant distinguished the offenses. Thus if there was no intent to have sexual intercourse the defendant could not be convicted of this offense, although he might still be criminally liable for the offense of indecent liberties (now repealed).[2] *People v Dowell,* 136 Mich 306; 99 NW 23 (1904). *Cf. People v Sheffield,* 105 Mich 117; 63 NW 65 (1895) (mere familiarity, *i.e.,* putting arm around waist with consent of underage girl was not an assault in the absence of indecent and improper liberties).

Thus under the former statutory scheme, any touching of a girl under the statutory age for a sexual purpose was unlawful, regardless of con-

[2] Formerly MCL 750.336; MSA 28.568.

sent. *People v Lakin,* 286 Mich 282; 282 NW 149 (1938); *Sheffield, supra; People v Bennett,* 45 Mich App 127; 205 NW2d 831 (1973), *lv den* 389 Mich 816 (1973); *cf. People v Doyle,* 16 Mich App 242; 167 NW2d 907 (1969), *lv den* 382 Mich 753 (1969) (defendant's ignorance of victim's age was not a valid defense in indecent liberties prosecution).

The policy underlying the majority rule with respect to assault with intent to rape a consenting person follows the policy of statutory rape laws. The policy expresses a societal judgment that although adolescents may have attained the physical capacity to engage in intercourse, they nevertheless are not sufficiently mature to fully apprehend the social, psychological, emotional, and physical consequences of sexuality. Thus, the Legislature may appropriately regard them as victims of sexual seduction, irrespective of their subjective state of mind.[3] The Legislature has created a conclusive presumption that persons under a certain age are incapable of consenting to sexual intercourse. This effectively creates a strict liability offense, a type of offense most commonly created to protect the "public welfare". See 1 Wharton, Criminal Law (C. Torcia ed), § 23, p 100. *Cf.* Myers, *Reasonable Mistake of Age: A Needed Defense to Statutory Rape,* 64 Mich L Rev 105, 113-115 (1965). Like reasoning pertains to an assault with intent to have sexual intercourse.

In 1975 many of the statutory provisions relating to sexual crimes were repealed and were replaced by the criminal sexual conduct act, MCL 750.520a *et seq.;* MSA 28.788(1) *et seq.* Among other provisions repealed were the provisions con-

[3] Comment on Rape, Involuntary Sodomy, Sexual Abuse, and Related Offenses, Working Papers of the National Commission on Reform of Federal Criminal Laws, Vol 2, p 871 (1970), quoted in 3 Wharton, Criminal Law (C. Torcia ed), § 291, p 46, fn 8.

cerning carnal knowledge of a female by force, carnal knowledge of a female under 16,[4] indecent liberties with a child under 16,[5] and assault with intent to commit rape, sodomy, or gross indecency.[6] The act proscribes two kinds of sexual conduct, sexual penetration and sexual contact, which are arranged into four degrees of criminal sexual conduct.

Sexual penetration is either first-[7] or third-[8] degree criminal sexual conduct, depending on the presence or absence of aggravating circumstances. One such aggravating circumstance is that the victim is under 13 years of age.[9] Sexual penetration with a person at least 13 years of age and under 16 years of age, however, is third-degree criminal sexual conduct.[10] The consent of victims in either age group is irrelevant.

Sexual contact is either second-[11] or fourth-[12] degree criminal sexual conduct, and the distinction also depends on the presence of aggravating circumstances. Sexual contact with a person under 13 years of age, even if consensual, is second-degree criminal sexual conduct.[13] It is relevant to note that there is no parallel prohibition of consensual sexual contact with a person 13 years of age and older. Thus, consensual sexual contact with a person in this age group is not criminal sexual conduct. In this respect the act is more permissive

[4] MCL 750.520; MSA 28.788.
[5] MCL 750.336; MSA 28.568.
[6] MCL 750.85; MSA 28.280.
[7] MCL 750.520b; MSA 28.788(2).
[8] MCL 750.520d; MSA 28.788(4).
[9] MCL 750.520b(1)(a); MSA 28.788(2)(1)(a).
[10] MCL 750.520d(1)(a); MSA 28.788(4)(1)(a).
[11] MCL 750.520c; MSA 28.788(3).
[12] MCL 750.520e; MSA 28.788(5).
[13] MCL 750.520c(1)(a); MSA 28.788(3)(1)(a).

than the former provision prohibiting indecent liberties.

The act contains provisions concerning assault with intent to commit criminal sexual conduct, MCL 750.520g; MSA 28.788(7), involving penetration, MCL 750.520g(1); MSA 28.788(7)(1), and assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2); MSA 28.788(7)(2).

Defendant argues that because some consensual sexual contact with a person between ages 13 and 16 does not violate the act, an assault cannot be presumed from a physical manifestation of an intent to penetrate a person under the age of 16. It is asserted that an assault with intent to commit third-degree criminal sexual conduct requires some force or coercion. Plaintiff, on the other hand, distinguishes sexual contact from assault with intent to commit criminal sexual conduct involving penetration on the ground that sexual contact is limited to the desire and consummation of the desire to touch, whereas an assault must be combined with the specific intent to achieve penetration.

Under former law, assault with intent to rape was a lesser-included offense of carnal knowledge. The gist of the offense was the specific intent to commit rape. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971); *People v Oberstaedt,* 372 Mich 521; 127 NW2d 354 (1964); *People v Guillett,* 342 Mich 1; 69 NW2d 140 (1955). Indecent liberties and assault with intent to commit rape were distinguished by the nature of the intent required, the former requiring express negation of the intent to commit rape, and the latter requiring the intent to rape. See *People v Oberstaedt, supra,* p 524. Whether the defendant intended sexual penetra-

tion or merely took indecent liberties not intending to commit rape was a question for the jury. See *People v Richardson,* 224 Mich 66; 194 NW 612 (1923). We apply the general rule of statutory construction that the Legislature is presumed to know of and legislate in harmony with existing laws. *People v Harrison,* 194 Mich 363, 369; 160 NW 623 (1916).

The criminal sexual conduct act prohibits consensual sexual penetration of persons under 16 years of age. Defendant argues, however, that even though he intended sexual penetration, his conduct was merely permissible consensual sexual contact. On the basis of defendant's argument, no consensual sexual activity with a person between the ages of 13 and 16 would be prohibited until penetration is completed. We disagree.

In *People v Langworthy,* 416 Mich 630, 644; 331 NW2d 171 (1982), this Court recognized that one of the purposes of the criminal sexual conduct act was to strengthen the laws against sexual violence by removing certain evidentiary obstacles to the prosecution of sexual assaults. In that case, this Court reasoned that this purpose made it unlikely that a new element of proof[14] would be added without specific mention.

The criminal sexual conduct act continues the policy of the predecessor statutory provisions of prohibiting sexual activity with persons who are conclusively presumed, because of age or other circumstances,[15] to be incapable of appreciating the nature and ramifications of the activity. While a person under 13 years of age is protected from sexual contact as well as sexual penetration, a

---

[14] In *Langworthy* this Court held that first-degree criminal sexual conduct is a general-intent crime, like the predecessor, rape.

[15] *E.g.,* the victim is mentally defective, mentally incapacitated, or physically helpless. MCL 750.520d(1)(c); MSA 28.788(4)(1)(c).

person at least 13 and under 16 can consent to sexual contact, but not to penetration.

From this statutory scheme we find that, while the Legislature intended to give persons between 13 and 16 some sexual freedom, it intended to continue the absolute prohibition of sexual penetration which existed under prior law. Defendant's argument, that the Legislature's recognition of changing social mores and the decriminalization of consensual sexual contact with persons 13 to 16 years old indicate a legislative intent to permit such activity where there is an intent to penetrate, cannot be accepted. We are not convinced that the policy behind the statutory rape laws of protecting children from sexual exploitation and possible physical and psychological harm by engaging in sexual intercourse is outmoded. It is clear that the statute does not decriminalize consensual sexual penetration in this age group. It is within the Legislature's prerogative to further that determination by making criminal those activities which fall short of penetration, but which are undertaken with the prohibited criminal intent. Thus, we hold that the Legislature did not intend to change the prior law concerning assault with intent to rape a consenting underage person.

The act recognizes a qualitative difference between sexual contact and sexual penetration. The intent required for each type of activity is different, just as the intent elements for indecent liberties and rape were mutually exclusive under prior law. *People v Oberstaedt, supra.* Under the criminal sexual conduct act, the specific intent to achieve prohibited sexual penetration, combined with some physical manifestation of the intent, constitutes the crime of assault with intent to commit criminal sexual conduct involving sexual

penetration. Acts from which a specific intent to achieve sexual penetration can be inferred are not permissible merely because some touching of the victim for sexual gratification is permissible. The criminal nature of the touching does not depend on the victim's ability to consent to some sexual contact, but rather on the defendant's intent. This is a question for the factfinder. On the facts of this case we believe a reasonable factfinder could find beyond a reasonable doubt that the defendant intended to have sexual penetration with the complainant.

Thus, we hold that in the case of a victim under 16 years of age and over 13 years of age the elements of assault with intent to commit third-degree criminal sexual conduct may be made out by evidence sufficient to permit the factfinder to conclude that the defendant had the specific intent to commit sexual penetration, and that a showing of force or coercion is not required in the case of an underage victim. If force or coercion were necessary elements of the offense in the case of an underage victim, then the young victim would have no greater protection from sexual assaults than an adult victim. We believe this result to be inconsistent with the criminal sexual conduct act's provisions which provide greater protection from sexual conduct for persons under 16 years of age.

Defendant argues that the conclusive presumption of an assault for the 13- to 16-year-old group violates due process because there is no rational connection between the intent to penetrate and the fact to be presumed, *i.e.,* incapacity to consent to touching whenever the defendant intends penetration. The criminality of the defendant's conduct, however, depends on the defendant's intent and conduct, not on what the victim thought he

intended. The conclusive presumption complained of, *i.e.,* that a person under 16 years of age cannot consent to sexual intercourse, is not an element of the offense. The Legislature intended to create a strict liability crime consisting of the defendant's intent and conduct. The offense is completed when the defendant commits an overt act with the intent to achieve sexual penetration with a person under 16 years old. Our holding does not create a conclusive presumption with respect to either of these elements. Thus, the prosecutor must still prove an assault, *i.e.,* an overt act, and the intent to commit sexual penetration beyond a reasonable doubt.

The overt act necessary to establish the offense of assault with intent to commit criminal sexual conduct involving penetration must be a criminal assault, *i.e.,* "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery". *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979). Moreover, the defendant must have present ability to carry out the intended act. *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978); *People v Carlson,* 160 Mich 426; 125 NW 361 (1910); *People v Lilley,* 43 Mich 521; 5 NW 982 (1880). That the defendant must have "present ability" means that the act done must have been sufficiently proximate to the thing intended, *i.e.,* "it must have proceeded far enough towards a consummation thereof", *Lilley,* p 525, so as to be an actual assault. *Sanford,* p 474, fn 1. See also *People v Smith (On Rehearing),* 89 Mich App 478, 485; 280 NW2d 862 (1979), *cert den* 452 US 914 (1981). Thus, assault with intent to commit criminal sexual conduct involving penetration is distinguished from attempted third-degree crimi-

nal sexual conduct by the proximity of the defendant to the completed act. Attempted third-degree criminal sexual conduct is a lesser included offense of assault with intent to commit criminal sexual conduct involving penetration. The lesser attempt offense "can be committed by a person who, having the requisite felonious intent, commits an overt act beyond mere preparation; the overt act can consist of conduct which stops short of an assault". *Sanford,* p 499 (Opinion of KAVANAGH and LEVIN, JJ.). The greater offense, assault with intent to commit criminal sexual conduct involving penetration is an attempt to commit third-degree criminal sexual conduct plus a greater degree of proximity. See Perkins, Criminal Law (2d ed), p 578. The differences in the sentences imposed for these offenses[16] presumably represents legislative concern with conduct closer in proximity to the prohibited act.

Because we reject the defendant's argument that force and violence are necessary elements of the offense of assault with intent to commit sexual penetration with a consenting person under 16 years old, we hold that on these facts this is a necessarily lesser included offense of third-degree criminal sexual conduct. Accordingly, the trial court did not err in giving this instruction. *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975); *People v Phillips, supra,* pp 36-37. Nor did the information fail to give the defendant adequate notice that the defendant would be required to defend against the assault charge. *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975).

[16] The maximum sentence for assault with intent to commit criminal sexual conduct involving penetration is 10 years, MCL 750.520g(1); MSA 28.788(7)(1), whereas the maximum sentence for attempted third-degree criminal sexual conduct would be five years, MCL 750.520d(2); MSA 28.788(4)(2); MSA 750.92; MSA 28.287.

### III. TRIAL COURT'S EXERCISE OF DISCRETION AT SENTENCING

Defendant also claims that the trial court erred in failing to recognize and exercise its discretion in sentencing the defendant. Specifically, defendant claims that the habitual offender statute, MCL 769.10; MSA 28.1082, which allows the sentencing court to increase the maximum sentence to not more than 1-1/2 times the longest term prescribed for the first conviction, requires that the trial judge exercise his discretion in setting the maximum term. The defendant concedes that a 15-year maximum habitual offender sentence is permissible under the statutory provision for assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1); MSA 28.788(7)(1). Nevertheless, defendant complains that the sentencing court did not recognize its discretion to control the maximum, pointing to the court's statement:

"The court sets a minimum at two and one-half years; the maximum is set by the statute here under the supplemental charge of fifteen years. That is named as the maximum."

Plaintiff responds that the sentencing transcript demonstrates that the trial judge exercised his discretion in imposing the maximum sentence. The Court of Appeals agreed with plaintiff:

"While the cited excerpt from the sentencing transcript is subject to interpretation, the fact that the court specified that the offense was against public morals and against a young child lends credence to the position that the trial court recognized its discretion and exercised it by setting the maximum term as the maximum allowed under the statute." 111 Mich App 39.

Having examined the entire sentencing transcript and considered the above-cited excerpt in its proper context,[17] we agree with the plaintiff and the Court of Appeals that the trial court recognized its discretion in sentencing the defendant, but found that the greatest possible sentence was appropriate.

Accordingly, defendant's conviction and sentence are affirmed.

WILLIAMS, C.J., concurred with BOYLE, J.

[17] In relevant part, the trial judge commented at sentencing:

*"The Court:* I have considered now what your lawyer advances. Of course, that is what the judge's duty is, to try to balance the good and the bad. I certainly have tried to do this in this case and in all.

"We have said sufficient concerning the offense, I believe. You are a man of thirty-four?

*"The Defendant:* Yes, sir.

*"The Court:* You are divorced. You do have a prior felony record, having served a term of two to five years; and your parole expired only a few months before this offense was committed. That, certainly, indicates, I am afraid, that you had not made a full facing-up to the need to keep away from such things. There have been, certainly, a lot of prior offenses. Your lawyer has referred to them briefly. There were eleven or so convictions. Assaultive, some of them, behavior. Mostly involving excessive consumption of intoxicants.

"Now, I know you claim, Mr. Worrell, you believe, or you say that you have gotten the problem under control. The reports we have from the agencies, though, do not indicate that you have fully cooperated with them. I hope you have gotten it under control, but those things come back, you know?

*"The Defendant:* Yes sir.

*"The Court:* That takes constant work, I imagine from what all the studies show.

"Now, here we have an offense against public morals and also against a young child, a girl of thirteen, which does, the court finds, require a prison sentence. The court sets a minimum at two and one-half years; the maximum is set by the statute here under the supplemental charge of fifteen years. That is named as the maximum. You are credited with all the time already served computed to be eighteen days. The court does recommend on your behalf counseling. Further, alcoholic counseling and treatment, if necessary, and vocational training. I hope when you are released, as you will be much sooner than you know—maximum could have been set much longer, the minimum, rather, than this—that you will have corrected the problems in your prior experience and made a good life for yourself."